**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Make-A-Wish Foundation International,<br><br>    Petitioner,<br><br>vs.<br><br>Make-A-Wish Foundation of America,<br><br>    Respondent. | No. CV 06-02173-PHX-NVW<br><br>**ORDER** |

      Pending before the court is Make-A-Wish Foundation International's Petition to Confirm Arbitration Award, Doc. # 4.

      Petitioner urges the court to enter final judgment confirming an arbitration award issued and served by a duly appointed arbitrator on February 1, 2006, following arbitration between Make-A-Wish Foundation International ("International") and Make-A-Wish Foundation of America ("America"). (Doc. # 4 at 1.) The court has jurisdiction to enforce this award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, New York, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (1970) ("New York Convention"), as implemented at 9 U.S.C. §§ 201-208. However, Petitioner has not submitted a Form of Judgment for the court to consider in connection with its Petition to Confirm the Arbitration Award. The court therefore orders Petitioner to lodge such Form of Judgment by November 16, 2006.

**I.     Background**

Make-A-Wish Foundation International enjoys a perpetual, royalty-free license to use Make-A-Wish Foundation of America's service marks and trademarks, including America's trademarked "Make-A-Wish" logo. (*Id.* at 3.) The License Agreement authorizes International to sublicense America's marks to International's affiliates. (*Id.*) International's license is subject to territorial restrictions. The Agreement states that neither International nor its sublicensees may use America's marks "for fund raising purposes by . . . electronic means within the United States." (*Id.* Ex. 1 ¶ 2.4.1.) "All disputes arising in connection with [the License] Agreement . . ." are to be "finally settled by arbitration . . . in accordance with the rules and procedures of the American Arbitration Association . . . ." (*Id.* Ex. 1 ¶ 9.2.)

A dispute arose in 2004 relating to fund raising conducted by International's affiliates in Canada, Australia, Mexico, the United Kingdom and the Netherlands on each affiliate's Internet site. (*Id.* at 3-4.) America contended that the solicitation and collection of donations on foreign websites accessible from the United States amounted to a breach of the territorial restrictions contained in the License Agreement. (*Id.*)   International believed otherwise. International and America submitted their dispute to binding arbitration in Phoenix, Arizona under the auspices of the International Centre for Dispute Resolution, the international division of the arbitral facility previously selected by the parties. (*Id* Ex. 1 ¶ 9.2.)

The arbitrator rendered his final decision in favor of International on February 1, 2006. The arbitrator found that, although the online solicitation and collection of donations conducted by the affiliates constituted "fund raising by electronic means," such activity did not violate the License Agreement because it did not occur "within the United States." (*Id.* Ex. 2 at 6.) The arbitrator focused upon the foreign location of the web servers, the dominant language of the websites, the foreign country extensions on the website addresses, and the small amount of funds actually received from the United States to support his conclusion. (*Id.*) Finally, the arbitrator ordered the Canadian, Australian, Mexican, British and Dutch affiliates impacted by the decision to post a disclaimer in English and the native language on their donation pages to the effect that the funds solicited by them do not accrue to the benefit

1  of America or any of its chapters in the United States.  (*Id*. at 6-7.)   In anticipation of this
2  action for recognition and enforcement under the New York Convention, to which the United
3  States is a party, the arbitrator stated that "this Final Award was made in the State of Arizona,
4  United States of America."  (*Id*. at 7.)

**II.     Personal Jurisdiction**

Petitioner served a copy of the Petition to Confirm the Arbitration Award on Respondent, an Arizona non-profit corporation with its principal place of business in this State. (Doc. # 4 at 8.)  This is all the notice that is required under the procedural rules of the American Arbitration Association, to which the parties have submitted:

> R-39 Serving of Notice: (a) Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party, or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

Commercial Arbitration Rules and Mediation Procedures, *available at* http://www.adr.org/sp.asp?id=22440#R39.  This mode of service is also authorized by 9 U.S.C. § 9.

The time for Respondent to interpose a responsive memorandum under LRCiv. 7.2 has passed.

**III.    Subject Matter Jurisdiction**

Petitioner urges the court to recognize and enforce the Make-A-Wish Foundation arbitration award on three distinct statutory grounds: (1) the Arizona Arbitration Act, A.R.S. §§ 12-1501-18; (2) the Federal Arbitration Act, 9 U.S.C. §§ 1-16; and (3) the New York Convention as implemented at 9 U.S.C. §§ 201-208.  (Doc. # 4 at 2.)  Only the last of these three grounds is sufficient to overcome the presumption against federal jurisdiction created by Article III of the United States Constitution.  *See* Fed. R. Civ. P. 8(a).

Neither the Arizona Arbitration Act nor the Federal Arbitration Act independently confers subject matter jurisdiction upon this court.  *See Southland Corp. v. Keating*, 465 U.S. 1 at 16 (1984).  Petitioner does not assert federal question jurisdiction under 28 U.S.C.

§ 1331. Nor is there diversity of citizenship under 28 U.S.C. § 1332: Make-A-Wish Foundation of America and Make-A-Wish Foundation International are both incorporated in Arizona, and they have their principal places of business here as well. (Doc. # 4 at 2.) Subject matter jurisdiction therefore exists exclusively under the municipal law implementing the New York Convention, 9 U.S.C. § 203: "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States."

The Convention on Recognition and Enforcement of Foreign Arbitral Awards applies to the Make-A-Wish Foundation arbitration award, despite the fact that it was rendered in the United States, is to be recognized and enforced in the United States, and is the product of a contract dispute between two corporate citizens of the United States. This rather surprising result follows from the second and third sentences of 9 U.S.C. § 202, which provide:

> An . . . award arising out of [a commercial legal relationship involving interstate commerce] which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the Untied States if it is incorporated or has its principal place of business in the United States.

After consulting the text of the Convention and surveying the applicable legislative histories, the court in *Lander Co. v. MMP Invs.*, 107 F.3d 476 (7th Cir. 1997), *cert. denied*, 522 U.S. 811 (1997), decided that the inclusive language of 9 U.S.C. § 202 brought an otherwise domestic arbitral award within the ambit of the New York Convention. In that case, as in this one, a federal court confronted a petition for enforcement of an arbitration award that was rendered in the United States and which settled a contract dispute arising between two United States corporations. In that case, as in this one, the New York Convention applied because the domestically rendered award touched foreign jurisdictions in the manner required by 9 U.S.C. § 202.

Petitioner reasonably asserts that the Make-A-Wish arbitration award "involves property abroad" (*i.e.*, the web servers of International's five affiliates) and also that the decision "envisages performance or enforcement abroad" (*i.e.*, the foreign affiliates may

- 4 -

1 continue to use America's marks to solicit funds on their own websites, but must provide
2 appropriate disclaimers on the relevant webpages).  (Doc. # 4 at 5-6.)  Therefore, the court
3 is persuaded to adopt Judge Posner's reasoning in *Lander* to dispose of this case under the
4 New York Convention.  *Accord Jones v. Sea Tow Servs.*, 30 F.3d 360, 366 (2nd Cir. 1994)
5 (mining the legislative history of 9 U.S.C. § 202 to define the term "reasonable relation with
6 one or more foreign states"); *Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 933 (2nd Cir.
7 1983) (arbitral awards rendered in the United States may qualify for enforcement in the
8 United States under the New York Convention); *Jacada Ltd. v. Int'l Mktg. Strategies, Inc.*,
9 401 F.3d 701 (6th Cir. 2005) (same); *cf. Maletis v. Perkins & Co.*, 2005 U.S. Dist. LEXIS
10 21444 (D. Or. 2005) (New York Convention not applicable because degree of connection
11 with foreign jurisdiction insufficient under 9 U.S.C. § 202).

12 The Court of Appeals for the Ninth Circuit is in implicit agreement with *Lander*,
13 although it has not reached the precise issue of statutory construction decided in that case.
14 *Minister of Defense of Islamic Republic of Iran v. Gould, Inc.*, 887 F.2d 1357, 1362 (9th Cir.
15 1989) (holding that "three basic requirements exist for jurisdiction to be conferred upon the
16 district court [under the New York Convention]: the award (1) must arise out of a legal
17 relationship (2) which is commercial in nature and (3) which is not entirely domestic in
18 scope.").

19 IT IS THEREFORE ORDERED that Make-A-Wish Foundation International's
20 Petition to Confirm Arbitration Award, Doc. # 4, is granted.

21 IT IS FURTHER ORDERED that Make-A-Wish Foundation International shall lodge
22 a Form of Judgment by November 16, 2006.

23 DATED this 2nd day of November 2006.

_____
Neil V. Wake
United States District Judge